ESTATE OF THOMAS QUINN FOR APPOINTMENT OF TRUSTEES.

JUNE 30, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.  This cause is before this court on an appeal from a decree entered by the superior court allowing an amended account of trustees under the will of Thomas Quinn, deceased.

The account in question covered the period from May 1, 1937 to April 30, 1940. The appeal was taken by Mary H. Butler, one of the beneficiaries under the said will. By the appeal the correctness of only one item of the account is questioned. This item, which is listed under the heading "Special Trust for Mary H. Butler (2) Expenses and Payments", is as follows:  "1937, July 7 Amount transferred from Accounts Receivable, pursuant to order of even date $300.00."

It appeared from the record herein and from the evidence that the sum in question had, on October 25, 1935, been paid

without court order by the then acting trustees to an attorney who had previously represented the appellant in this cause, as an attorney's fee for services in that connection. This attorney was appointed on February 13, 1935 by the superior court a substituted trustee under said will, and in April 1935 was compelled by such court to elect between the positions of counsel and trustee. He elected the latter, but resigned from that office June 30, 1936. Two of the present trustees were appointed in 1936, one in April and the other in June. The third trustee has held office for a considerable time.

It appeared that the present trustees when they filed their first account, which covered the period from April 14, 1936 to April 30, 1937, and which was duly allowed by a decree entered in the superior court, set up the item in dispute, together with certain other sums, under the heading "Assets", as an account receivable. The change as to such item first appears in the present account. The other sums with which it was grouped still remain as assets under accounts receivable, but the $300 item in question is transferred from the heading of "Trustees' Statement of Assets" to the special trust account of the appellant, and there charged against that account under expenses and payments.

The trustees rely on a decree of the superior court entered July 7, 1937 as their authority for the setup of the item in question in their present account. The appellant, on the other hand, contends that she is not bound by said decree because she was not notified of any hearing regarding the entry thereof and was not present in person or represented by counsel, when it was entered; that on May 28, 1935 she paid the attorney in question in full for his services; and that the said item should not be charged against the special trust for her benefit under the said will.

The decree just referred to provided, among other things, that the item of $300 "be charged by the trustees against the Special Trust of Mary H. Butler". This decree was entered July 7, 1937 *"nunc pro tunc* (as of April 13, 1936)"*. The

record in the cause shows that on April 13, 1936 a hearing was held in the superior court in connection with the resignation and discharge of one of the prior trustees. There is in the transcript filed with the present appeal vague and conflicting testimony as to what, if anything, took place at that hearing in regard to the $300 item now under consideration. No transcript of either of the hearings held in the superior court on April 13, 1936 and on July 7, 1937, respectively, is now before us. In any event, no decree was entered on April 13, 1936 which charged the item of $300 in question to the special trust of the appellant. At that time it was considered by the trustees as an account receivable by the estate from said attorney. Apparently, the first time that this item was considered by the trustees as one against the appellant's special trust was in the decree entered July 7, 1937, *nunc pro tunc.*

While the evidence shows that the appellant was before the superior court on April 13, 1936, we are of the opinion that her contention is correct that the decree entered July 7, 1937, upon which the trustees now rely, was entered without notice to her. The appellant apparently had an attorney on the date last mentioned, but the record before us shows no service of notice of any kind, either upon her or upon her attorney, that a hearing was to be held in the superior court on said date in connection with the entry of the decree in question. Neither does it appear from the record how said decree came before the court at that time. In addition, it is clear from the testimony that neither the appellant nor her attorney was actually present in court when such decree was entered. She testified positively to that fact; one of the trustees had no recollection of the matter; and another trustee believed that the appellant was not present or represented. Furthermore, the decree was not entered with the appellant's consent.

The trustees argue that the appellant is not entitled in this appeal to question the decree entered July 7, 1937, as aforesaid, because the proper time for so doing is past. In our

judgment this argument has no merit. Although a portion of such decree vitally affected her interests, she had no notice or knowledge of its entry until some considerable time thereafter, the exact date not being clear. Moreover, the trustees' account, from the allowance of which she is now appealing, was the first account presented and filed by them since July 7, 1937, and the first one in which the item in dispute was actually charged against her special trust in accordance with the provision of the decree entered on that date. In view of the fact that it was stated specifically in the account before us that the item in question was being charged pursuant to that decree, we are of the opinion that the appellant could properly attack said decree in this proceeding, and that this was in fact the first opportunity which she had to do so.

Under all the facts and circumstances appearing herein, and for the reasons hereinbefore indicated, we find that the appellant is not bound by the decree entered July 7, 1937, as of April 13, 1936.

The next question is whether the item of $300 is properly chargeable against the special trust of the appellant, as it appears in the decree of July 7, 1937. At the hearing in the superior court in connection with the allowance of the account under consideration the appellant introduced two exhibits. One was a receipt, dated May 28, 1935, acknowledging the payment by the appellant of $50 in full for services to that date in the matter of the Quinn estate, and signed by the attorney who received the $300 payment comprising the item in dispute. The other was a canceled check for $50 bearing the same date, signed by the appellant, payable to said attorney, and endorsed by him. The correctness of these exhibits was not attacked. No other facts bearing upon the item in question were brought out in the evidence.

Under such circumstances, we conclude that such item should not have been charged against the appellant's special trust, but that it should have been set up in the present account, as in the trustees' former account, under assets in their hands as an account receivable. The trustees' account

under consideration is apparently not questioned in any other respect; but, because of the above mistake respecting the item in dispute, it was error to allow such account as presented.

The appeal is sustained. The decree appealed from is reversed.

The parties may, on July 7, 1941, present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*John M. Booth,* for trustees.
*Daniel A. Colton,* for Mary H. Butler.